### N. F. BOOZER v. J. J. TERRELL, COMMISSIONER.

#### No. 1096.  Decided June 26, 1903.

**Mandamus—Land Commissioner—Duty to Determine Facts.**

The duty of determining whether a purchaser of school land was a minor is not imposed by law upon the Commissioner of the General Land Office, and mandamus will not issue against him to compel him to sell to a subsequent applicant on the ground that his previous sale, being to a minor, was void.

Motion by Boozer for leave to file original application in the Supreme Court for writ of mandamus against the Commissioner.

*Ashby S. James* and *E. H. Yeiser,* for relator.

WILLIAMS, ASSOCIATE JUSTICE.—The application in this case seeks a mandamus to compel the Commissioner of the General Land Office to sell to applicant certain school land, although it had been previously sold to one Almond, which sale is in good standing, on the ground that Almond when he purchased was a minor and the sale to him void. In order for the Commissioner to have complied with applicant's demand he would have had to investigate and determine the question of fact as to the minority. The statute confers no such power and imposes no such duty, and consequently it can not be held that the officer has refused to perform a duty and is therefore subject to the writ. Applicant's remedy, if he has acquired a right, is not by mandamus in this court.

The motion for leave to file the application is therefore overruled.